## W. B. TANNER *v.* W. M. JOHNSON ET AL.

**Vendor and Purchaser—Recovery for Improvements by Purchaser.**

Where a father-in-law induced his son-in-law to enter upon certain land and make improvements thereon in consideration of a promise by the father-in-law to convey the land to the son-in-law's wife, but the father-in-law subsequently changed his mind and refused to make the conveyance, the son-in-law is entitled to have refunded to him the enhanced value of the land by reason of the improvements made by him, with interest thereon from the date of demand for surrender of the possession, but shall be charged with rent from the same date.

APPEAL FROM McLEAN CIRCUIT COURT.

March 21, 1874.

Opinion by Judge Peters:

Appellee entered upon the land at the request of appellant, under verbal promise that at a future time it would be given to appellee's wife by appellant, she being his daughter; and the improvements were made on the land in good faith by appellee; and as appellant has changed his mind, and brought suit for the land, he should make some compensation to appellee for the money and labor he has expended in making lasting improvements on land, which he was induced to make by the promises of appellant that he and his family should enjoy them.

The equitable rule in such cases seems to be that the tenant shall have refunded to him the enhanced value of the land, by reason of the improvements, with interest thereon from the date of demand of surrender of the possession of the land, and shall be charged with rents from the same period. According to this rule the judgment of the court below in this case cannot be sustained, it being for $700, nearly as much as any witness values the whole tract at, and more than it is valued at by many of the witnesses.

The witness, Layton, presents the most satisfactory statement of the value of the improvements of any witness who is examined, because he examined them in detail and presented an estimate of materials in the buildings, with an estimate of their cost and the value of the labor expended in erecting them, and after deducting some forty-five dollars for deterioration in value since they were made, he fixes the present value at $374.96. The master to whom the case was referred valued the improvements at $568.25, making a difference of some $94; but the master arrives at his conclusion not from an inspection of the property, but from the average estimate of all the witnesses.

If, however, it may be assumed that Layton's estimate is too small, we are satisfied that the enhanced value of the land by reason of the improvements cannot exceed $400; and that, according to the weight of the evidence, is more than one-half of the entire value of the forty acres of land in its present condition. Add two years interest on that, making a total of $448, then deduct two years rent at $75 per year, $150, leaving the sum of two hundred and ninety-eight ($298) dollars, for which judgment should have been rendered instead of seven hundred dollars.

Wherefore the judgment is reversed and the cause is remanded

with directions to render judgment for the sum of $298, with interest from the date of the judgment, and costs, subject to a deduction of rents, if appellee has retained possession, and for the amount due he may have a lien on the land. Reversed for further proceedings consistent herewith.

*J. C. Jonson, for appellant.*

*S. W. Cates, for appellees.*